AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER: 8:07-cr-357-T-30MAP<br>USM NUMBER: 49631-018 |
| JOHN MERVYN NABORS | Defendant's Attorney: John Edward Fernandez, cja. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Defraud the United States by Wire Fraud | May 2002 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
X Count(s) TWO, THREE, FOUR and FIVE of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 12, 2009

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: May 23, 2014

Defendant:   JOHN MERVYN NABORS                                     Judgment - Page __2__ of __5__
Case No.:    8:07-cr-357-T-30MAP

## PROBATION

**The defendant is hereby placed on probation for a term of FORTY-EIGHT (48) MONTHS as to Count One of the Indictment.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

| | |
|---|---|
| X | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. |
| X | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. |
| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. |

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Defendant: | JOHN MERVYN NABORS | Judgment - Page 3 of 5 |
|---|---|---|
| Case No.: | 8:07-cr-357-T-30MAP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

__X__  The defendant shall participate in the Home Detention program for a period of __EIGHTEEN (18) MONTHS__. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

__X__  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

__X__  The defendant shall provide the probation officer access to any requested financial information.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__X__  The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| Defendant: | JOHN MERVYN NABORS | Judgment - Page 4 of 5 |
|---|---|---|
| Case No.: | 8:07-cr-357-T-30MAP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $1,000.00 | $4,662,164.00 |

__ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

**Name of Payee**          **Restitution Ordered**

The victim names and information shall be maintained by the Probation Office and the Financial Litigation Unit for the United States Attorney's Office.

The individual and corporate victims shall be given first priority for restitution disbursement purposes, and Zurich American Insurance Company shall be given second priority for restitution disbursement purposes.

    Totals:    $4,662,164.00

__ Restitution amount ordered pursuant to plea agreement $_____.

__ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    __ the interest requirement is waived for the ___ fine ___ restitution.

    __ the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant:   JOHN MERVYN NABORS                                    Judgment - Page 5 of 5
Case No.:    8:07-cr-357-T-30MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__  Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____, or

  ☐ in accordance ☐ C, ☐ D, ☐ E or ☐ F below; or

B.  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C.  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  __X__  Special instructions regarding the payment of criminal monetary penalties:

The Court imposes a fine in the amount of $1,000.00. Defendant is directed to pay the fine amount within 60 days.

The defendant shall pay restitution in the amount of $4,662,164.00. The defendant is ordered to begin making payments of $400 per month. The victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

  ☐  Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

  ☐  The defendant shall pay the cost of prosecution.

  ☐  The defendant shall pay the following court cost(s):

  X  The defendant shall forfeit the defendant's interest in the following property to the United States:

  The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. Specifically, the defendant agreed in the plea agreement to a forfeiture money judgment in an amount of $425,000.00, which represents the amount of proceeds the defendant obtained as a result of the conspiracy charged in Count One, for which the defendant is liable; and the defendant's interest in the residence located at 271 Bayside Drive, Clearwater Beach, Florida, 33767, which will be forfeited as a substitute asset pursuant to 21 U.S.C. §853(p), in partial satisfaction of said money judgment. The Forfeiture Money Judgment [Dkt. 120] is made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:07-cr-357-T-30MAP

JOHN MERVYN NABORS
_____ /

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the court upon the United States' motion for entry of a forfeiture money judgment (Doc. 112) against the defendant, which, upon entry, shall be a final order of forfeiture as to John Mervyn Nabors right, title, and interest in property subject to forfeiture, for which he is liable.

Being fully advised in the premises, the court finds that the government has established that the defendant obtained $ 425,000.00 in proceeds as a result of the wire fraud conspiracy, in violation of 18 U.S.C. § 371, as charged in Count One of the Indictment, for which the defendant has been found guilty. Accordingly, it hereby

**ORDERED, ADJUDGED,** and **DECREED** that for good cause shown, the motion (Doc. 112) of the United States is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Fed. R. Crim. P., defendant John Mervyn Nabors is liable to the United States of America for a forfeiture money judgment in the amount of $ 425,000.00 .

The court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of any property, belonging to the defendant, that the United States is entitled to seek as substitute assets in satisfaction of the money judgment, and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2009.

                                         */s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2007\07-cr-357.forfeit 112.wpd

2